FILED
United States Court of Appeals
Tenth Circuit

March 13, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOSEPH VIGIL,

Plaintiff-Appellant,

v.

BENT COUNTY CORRECTIONAL
FACILITY CORRECTIONAL
OFFICER (First Name Unknown)
MORGAN; DOUG ROBERTS, Private
Prison Monitor Unit, Medical; NURSE
RAY RICE, Employee, Contractor of
CDOC; MAURICE FAUVEL,
Employee, Contractor of CDOC,

Defendants-Appellees.

No. 14-1443
(D.C. No. 1:13-CV-01976-WJM-MJW)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

Joseph Vigil, an inmate in the custody of the Colorado Department of

Corrections, brought this lawsuit under 42 U.S.C. § 1983 to recover damages for

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his allegedly inadequate medical care at various CDOC facilities. A magistrate judge recommended that the district court grant one defendant's motion to dismiss and the other defendants' motion for summary judgment — recommendations that the district court adopted in full. Because Mr. Vigil never objected to these recommendations, our "firm waiver rule" generally blocks any appellate review of his contentions. *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005). Under the only exception relevant here, we would excuse this waiver if the "interests of justice" so required. *See id.* But to proceed under this exception, Mr. Vigil would at least need to show plain error in the district court's decision. *See id.* at 1122; *see also United States v. Olano*, 507 U.S. 725, 732 (1993) (defining the plain error standard). Mr. Vigil has advanced no plain error argument, and we're unable to discern any error at all (let alone one that is plain) on the record before us.

To state a claim for inadequate medical care under the Eighth Amendment, Mr. Vigil must allege that prison officials exhibited "deliberate indifference" to his "serious medical needs." *Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001). As the district court noted, Mr. Vigil's only allegation implicating defendant Morgan is that Morgan's actions delayed Mr. Vigil's access to treatment for hemorrhoids. To constitute deliberate indifference, however, this delay must have resulted in "substantial harm" — something along the lines of a "lifelong handicap, permanent loss, or considerable pain." *Id.* at 950. Because

Mr. Vigil never makes this latter allegation, the district court was correct to grant Morgan's motion to dismiss.

The district court similarly granted the remaining defendants' motion for summary judgment because Mr. Vigil failed to create a genuine issue as to any deliberate indifference on their part. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986); Fed. R. Civ. P. 56(a). Along with their motion, the defendants submitted health records and affidavits documenting the care they gave Mr. Vigil for his hemorrhoids and back pain — care that included consultations, prescriptions, and even a surgery. In response, Mr. Vigil offered little but threadbare assertions that his treatment was delayed or somehow inadequate. We have long held, however, that "conclusory allegations standing alone will not defeat a properly supported motion for summary judgment." *White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995). We therefore agree with the district court that there was no genuine issue of material fact allowing Mr. Vigil's Eighth Amendment claims to survive summary judgment.

The judgment of the district court is affirmed. Mr. Vigil's motion to proceed in forma pauperis is denied, and he is reminded of his obligation to pay the filing fee in full.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

- 3 -